# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# STATE OF LOUISIANA

| | |
|---|---|
| **BECKY SIMMS** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE** |
| **THE GROVE OF LA, LLC AND DENISE THIBODEAUX** | **STATE OF LOUISIANA** |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, Becky Simms, through undersigned counsel, brings this action against The Grove of LA, LLC and Denise Thibodeaux ("Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA").

2. Plaintiff alleges that Defendants violated the FLSA by misclassifying plaintiff as an exempt worker from overtime, when plaintiff was actually performing non-exempt work and should have been classified as non-exempt and paid time and a half for every hour worked over forty (40) hours.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*.

4. Venue is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391 because defendants reside in this district, and because a

substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5.      Defendant, The Grove of LA, LLC, is a Louisiana domestic limited liability company with its headquarters at 624 Connell's Park Lane, Baton Rouge, Louisiana.

6.      Defendant, Denise Thibodeaux ("Denise"), is the manager, director, and owner of The Grove of LA, LLC.  Defendant is an individual residing in the Parish of East Baton Rouge, Louisiana.

## FLSA COVERAGE

8.   In an FLSA case, the following elements must be met. 1)  the existence of an employment relationship; 2)  that he/she was engaged in commerce or employed by an enterprise engaged in commerce; 3)  that Defendants failed to pay him/her overtime/minimum wages; and 4)  that he/she is owed the amount claimed by a just and reasonable inference.  *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005).

## EMPLOYMENT RELATIONSHIP

9.   At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. Sec. 203(d).

10.  Defendant, Denise Thibodeaux, is the director, owner, and/or manager of The Grove of LA, LLC.

11.  Defendant, Denise Thibodeaux, is extremely involved in the day to day operations of Defendants' operations.

12.  Defendant, Denise Thibodeaux, controlled the nature, pay structure, and employment relationship with the plaintiff.

13.  Further, at all times relevant to this lawsuit, defendant, Denise Thibodeaux, has had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to control the employee work schedules and conditions of employment, the authority to sign on the business checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  This individual defendant regularly exercised such authority.  Additionally, defendant is responsible for the day-to-day affairs of the company.  In particular, defendant, Denise Thibodeaux, is responsible for determining whether the company complied with the FLSA.

14.  As the director, manager, and/or owner of The Grove of LA, LLC, defendant, Denise Thibodeaux employed the plaintiff as an employee of The Grove of LA, LLC.

15.  As such, pursuant to 29 U.S.C. Sec. 203(d), defendant, Denise Thibodeaux acted directly or indirectly in the interest of plaintiff's employment as her employer, which makes her individually liable under the FLSA.

16.  Defendants formed a "single enterprise" and are jointly and severally each liable for the violations of the other.

## ENGAGED IN COMMERCE

17.  The FLSA protects employees who fall under either of two types of coverage: 1) enterprise coverage, which protects all those who are employed in an enterprise engaged in commerce or in the production of goods for commerce, or 2) individual coverage, which protects those who are individually engaged in commerce or in the production of goods for commerce, regardless of whether the employer constitutes an enterprise.  *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

18. Enterprise coverage applies in this case, whereas the FLSA states that an entity falls under enterprise coverage if it is "engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." 29 U.S.C. Sec. 203(s)(1).  The Grove is a dual-diagnosis addiction residential treatment facility, and therefore enterprise coverage applies.

19. Defendant, Denise Thibodeaux, has, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, and the authority to make decisions regarding employee compensation and capital expenditures.  In addition, defendant was responsible for determining whether the company complied with the FLSA.

## FACTS

20. Plaintiff began employment with the defendant in January of 2017 as an addiction counselor.

21. From January of 2017 until she was terminated on July 24, 2018, plaintiff worked approximately sixty (60) hours per week doing book-keeping, client counseling, and human resource work.  At no time did plaintiff have any authority to hire and fire employees or have any sort of independent discretion regarding her work.  Plaintiff also only possessed a CIT license, not any type of degree such as a master's degree in social work, etc. in order to fall under a professional exemption.

## VIOLATION OF FLSA OVERTIME PROVISIONS

26. Plaintiff was a non-exempt employee from January of 2017 until July of 2018.  During these times, plaintiff was engaging in non-exempt work while employed with the

defendant, but was not paid time and a half for every hour worked in excess of forty hours. Instead, plaintiff was unlawfully paid as a salaried, exempt employee.

27.  The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

28.  Plaintiff is entitled to FLSA overtime compensation for all hours worked in excess of forty (40) hours per week from January of 2017 until July of 2018, in which she did not receive the appropriate overtime compensation from Defendants

29.  By failing to pay plaintiff all of the overtime compensation she is due, defendants have violated the FLSA.

30.  The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31.  As a result of defendants' unlawful practices, plaintiff has suffered from a loss of wages and is therefore entitled to recover lost wages, plus liquidated damages or prejudgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, prays for relief as follows:

- A. Judgment against the defendants for violation of the overtime provisions of the FLSA;
- B. Judgment that defendants' violations as described above were willful;
- C. An award in an amount equal to the unpaid back wages owed to plaintiff at the applicable overtime rate;
- D. An equal amount to the wages owed as liquidated damages;

E. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

F. An award of prejudgment interest to the extent liquidated damages are not awarded; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully Submitted:
*s/Amanda Hilgendorf*
Amanda Hilgendorf No. 35492
**MILLER, HAMPTON, & HILGENDORF**
3960 Government Street
Baton Rouge, LA 70806
Telephone: (225) 343-2205
Facsimile: (225) 343-2870
Email: amanda@mlhlaw.com